

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID M. HAFFERMEHL
    Plaintiff

v.

OCCUHEALTH, INC.
    Defendant

C.A. No. _____

04- 5 RCL

MAGISTRATE JUDGE _____

### VERIFIED COMPLAINT

1. The plaintiff, David M. Haffermehl, brings this action to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, under the provisions of Sections 6, 7 and 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 206, 207 and 216 (b)), (hereinafter referred to as the "FLSA") and under Sections 1A and 1B of Chapter 151 of the Massachusetts General Laws (M.G.L. Ch.151, the Massachusetts "Minimum Fair Wages Act"), and to recover unpaid straight-time wages under Chapter 149 of the Massachusetts General Laws (M.G.L. Ch.149 §148).

### The Parties

2. The plaintiff, David M. Haffermehl ("Haffermehl"), is an individual residing at 156 Park Street, Wrentham, Massachusetts.

3. Defendant, OccuHealth, Inc. ("OccuHealth"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal office and place of business located at 44 Wood Avenue, Mansfield, Massachusetts.

4. At the times hereinafter mentioned, OccuHealth was an employer within the meaning of the FLSA and the corresponding Massachusetts statutes.

### Jurisdiction and Venue

5.  At all relevant times, OccuHealth was engaged in the provision of a range of professional occupational health, safety, and environmental engineering consulting services and training programs to client businesses in the northeastern part of the United States. A substantial portion of the services provided by OccuHealth were provided in interstate commerce in that OccuHealth regularly serviced and conducted site work at client sites that were located in several States. In performing the operations hereinabove described, OccuHealth was engaged in interstate commerce within the meaning of §§ 3(b), 3(i), 3(j), 6(a), and 7(a) of the Act.

6.  Jurisdiction is proper in this Court under 28 U.S.C. §1331, and under 28 U.S.C. §1367(a) for the claims asserted under Massachusetts statute.

7.  Venue is appropriate under 28 U.S.C. §1391(b).

### Operative Facts

8.  Haffermehl was employed by and worked for OccuHealth as a project laborer from approximately June 1998, and was compensated for his services at an hourly rate of between approximately $18.00 and $20.00 per hour, which rate rose over the term of his employment.

9.  Haffermehl's duties were directed by his managers at OccuHealth on a day-to-day basis. He would be assigned various tasks including site review and inspection, set-up and calibration of testing equipment, retrieval of soil, air, and "wipe" samples, note-taking, and communication with laboratory personnel. Haffermehl performed services as an employee of OccuHealth as described herein at work sites in

- 3 -

Massachusetts, Rhode Island, Connecticut, New Hampshire, and Pennsylvania during the course of his employment, as assigned such duties by his superiors.

10. At the commencement of his employment, Haffermehl was instructed to record and maintain weekly timesheets delineating the total hours or portions thereof actually worked on each day of the work week for which such timesheet was being maintained, and also a general description of the work undertaken for the time being recorded. OccuHealth directed Haffermehl to submit his timesheets on a weekly basis to the office manager, which he routinely and regularly did. OccuHealth utilized such time sheets, in part, to formulate and direct company invoices to its clients.

11. OccuHealth also utilized such timesheets to record and track employee work time, sick time, and vacation time. At no time during Haffermehl's employment did OccuHealth reject timesheets submitted by Haffermehl as inaccurate or for any other reason.

12. Haffermehl performed such services for OccuHealth until approximately June 19, 2003, whereupon he left the employ of OccuHealth voluntarily.

13. During the period of Haffermehl's employment as described above, Haffermehl regularly worked in excess of forty hours in a single work week, and submitted timesheets to OccuHealth accurately reflecting the hours he had actually worked.

14. Despite the receipt of timesheets from Haffermehl detailing, for many pay periods, work expended in excess of forty hours per week, OccuHealth failed and neglected to compensate him for such "overtime," that is, for the work he performed in excess of forty hours per week. OccuHealth not only failed to pay Haffermehl for

overtime hours at a rate not less than one-and-one-half (1½) times the regular rate at which he was employed, OccuHealth did not pay him at all for such time.

15. OccuHealth management, during the period of Haffermehl's employment, stated on more than one occasion to Haffermehl or to other employees that OccuHealth simply did not pay overtime.

## COUNT I
## OVERTIME WAGES UNDER THE FLSA

16. Haffermehl repeats and realleges each and every preceding paragraph as if specifically set forth herein.

17. OccuHealth's failure to compensate Haffermehl for hours worked in excess of forty hours per week at rates not less than one-and-one-half (1½) times the regular rate at which he was employed during the period of Haffermehl's employment, was a violation of the provisions of the Fair Labor Standards Act and, specifically, § 7(a) thereof and of Massachusetts General Laws Ch. 151 § 1A. OccuHealth's actions were knowing, willful, and intentional violations within the meaning of the FLSA.

18. Pursuant to § 16(b) of the FLSA (29 U.S.C. § 216(b)), OccuHealth is liable to Haffermehl for his unpaid overtime compensation in an amount at least equal to one-and-one-half (1½) times his regular rate for the overtime hours actually worked, and an additional equal amount as liquidated damages, for the period indicated.

19. Pursuant to § 16(b) of the Act (29 U.S.C.S. § 216(b)) OccuHealth is liable to Haffermehl for his reasonable attorneys' fees and the costs he has expended that are associated with this action.

WHEREFORE, Haffermehl respectfully requests that judgment be entered herein against OccuHealth in the amount due for such overtime compensation and an additional

equal amount as liquidated damages, plus interest thereon, reasonable attorneys' fees, and costs.

## COUNT II
## OVERTIME WAGES UNDER THE
## MASSACHUSETTS MINIMUM FAIR WAGES ACT

20. Haffermehl repeats and realleges each and every preceding paragraph as if specifically set forth herein.

21. OccuHealth's failure to compensate Haffermehl for hours worked in excess of forty hours per week at rates not less than one-and-one-half (1½) times the regular rate at which he was employed during the period of his employment was a violation of the provisions of Massachusetts General Laws Ch. 151 § 1A and attendant provisions. OccuHealth's actions were knowing, willful, and intentional violations within the meaning of the Massachusetts Minimum Fair Wages Act.

22. Pursuant to Massachusetts General Laws Ch. 151 § 1B, OccuHealth is liable to Haffermehl in the amount of his unpaid overtime compensation in an amount at least equal to one-and-one-half (1½) times his regular rate for the overtime hours actually worked, plus twice that amount as additional liquidated damages, for the period indicated.

23. Pursuant to Massachusetts General Laws Ch. 151 § 1B, OccuHealth is liable to Haffermehl for his reasonable attorneys' fees and the costs he has expended that are associated with this action.

WHEREFORE, Haffermehl respectfully requests that judgment enter herein against OccuHealth in the amount due to him for such overtime compensation and allowed liquidated damages, plus interest thereon, reasonable attorneys' fees, and costs.

## COUNT III
## RECOVERY OF STRAIGHT-TIME WAGES
## UNDER MASSACHUSETTS LAW

24.  Haffermehl repeats and realleges each and every preceding paragraph as if specifically set forth herein.

25.  To the extent and degree Haffermehl is barred from recovery of unpaid overtime at the rate of one-and-one-half (1½) times his regular rate of pay due to the passage of time, OccuHealth's failure to compensate him at all for those hours worked is a violation of Massachusetts General Laws Ch. 149 § 148 and attendant provisions of that chapter.

26.  Pursuant to Massachusetts General Laws Ch. 149 § 150, OccuHealth is liable to Haffermehl for three times the amount of his unpaid straight time wages for all hours actually worked by Haffermehl for which he received no compensation.

27.  Pursuant to Massachusetts General Laws Ch. 149 § 150, OccuHealth is also liable to Haffermehl for his reasonable attorneys' fees and the costs he has expended in the prosecution of this action.

WHEREFORE, Haffermehl respectfully requests that judgment enter herein against OccuHealth in the amount due to him for three times the value of such unpaid straight time compensation, plus interest thereon, reasonable attorneys' fees, and costs.

## VERIFICATION

I, David M. Haffermehl, declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and accurate based on my own personal knowledge or, where so indicated, that I believe such to be true.

_____
David M. Haffermehl

Date: 2/11/04

Dated: February 11, 2004

DAVID M. HAFFERMEHL

By His Counsel,

_____
Thomas R. Noel, Esq. (BBO# 556111)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)