IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID M. HAFFERMEHL )<br>          Plaintiff )<br>)<br>v. )<br>)<br>OCCUHEALTH, INC. )<br>          Defendant ) | CIVIL ACTION NO. 04-10325RCL |

### ANSWER OF THE DEFENDANT, OCCUHEALTH, INC., TO THE COMPLAINT OF THE PLAINTIFF, DAVID M. HAFFERMEHL

The Defendant, Occuhealth, Inc. ("Occuhealth"), by way of answering the Complaint filed by the Plaintiff, David M. Haffermehl ("Haffermehl"), respectfully states as follows:

### FIRST DEFENSE

1. Occuhealth denies the allegations contained in Paragraph 1 of Haffermehl's Complaint.

2. Occuhealth has insufficient knowledge with which to respond to the allegations contained in Paragraph 2 of Haffermehl's Complaint.

3. Occuhealth admits the allegations contained in Paragraph 3 of Haffermehl's Complaint.

4. Occuhealth admits the allegations contained in Paragraph 4 of Haffermehl's Complaint.

5. Occuhealth admits the allegations contained in Paragraph 5 of Haffermehl's Complaint.

1

6. Occuhealth admits the allegations contained in Paragraph 6 of Haffermehl's Complaint.

7. Occuhealth admits the allegations contained in Paragraph 7 of Haffermehl's Complaint.

8. Occuhealth denies the allegations contained in Paragraph 8 of Haffermehl's Complaint.

9. Occuhealth denies the allegations contained in Paragraph 9 of Haffermehl's Complaint. Further answering, Occuhealth affirmatively states that as an employee of Occuhealth, Haffermehl was given jobs at clients by project managers which included but were not limited to site review and inspection, set up and calibration of testing equipment, retrieval of soil, air, and "wipe samples", note taking, and communication with laboratory personnel in the states of Massachusetts, Rhode Island, Connecticut, New Hampshire, and Pennsylvania.

10. Occuhealth denies the allegations contained in Paragraph 10 of Haffermehl's Complaint. Further answering, Occuhealth affirmatively states that Haffermehl was instructed to compile weekly time sheets which set forth the total agreed hours to be billed to a client together with a general description of the job accomplished. Occuhealth used the weekly time sheets compiled by Haffermehl solely for the purpose of billing the clients.

11. Occuhealth denies the allegations contained in Paragraph 11 of Haffermehl's Complaint.

12. Occuhealth admits the allegations contained in Paragraph 12 of Haffermehl's Complaint.

13. Occuhealth denies the allegations contained in Paragraph 13 of Haffermehl's Complaint.

14. Occuhealth denies the allegations contained in Paragraph 14 of Haffermehl's Complaint.

15. Occuhealth denies the allegations contained in Paragraph 15 of Haffermehl's Complaint. Further answering, Occuhealth affirmatively states that during the period of Haffermehl's employment it confirmed on more than one occasion to Haffermehl as well as other similar employees that Haffermehl and such other employees were professional and salaried employees.

## COUNT I

16. Occuhealth, in response to the allegations contained in Paragraph 16 of Count I of Haffermehl's Complaint, reasserts and realleges answers and defenses to Paragraphs 1 through 15 of Haffermehl's Complaint which are incorporated herein by reference.

17. Occuhealth denies the allegations contained in Paragraph 17 of Haffermehl's Complaint.

18. Occuhealth denies the allegations contained in Paragraph 18 of Haffermehl's Complaint.

19. Occuhealth denies the allegations contained in Paragraph 19 of Haffermehl's Complaint.

## COUNT II

20. Occuhealth, in response to the allegations contained in Paragraph 20 of Count II of Haffermehl's Complaint, reasserts and realleges its answers and defenses to

Paragraphs 1 through 19 of Haffermehl's Complaint which are incorporated herein by reference.

21. Occuhealth denies the allegations contained in Paragraph 21 of Haffermehl's Complaint.

22. Occuhealth denies the allegations contained in Paragraph 22 of Haffermehl's Complaint.

23. Occuhealth denies the allegations contained in Paragraph 23 of Haffermehl's Complaint.

## COUNT III

24. Occuhealth, in response to the allegations contained in Paragraph 24 of Count III of Haffermehl's Complaint, reasserts and realleges its answers and defenses to Paragraphs 1 through 23 of Counts I and II of Haffermehl's Complaint which are incorporated herein by reference.

25. Occuhealth denies the allegations contained in Paragraph 25 of Haffermehl's Complaint.

26. Occuhealth denies the allegations contained in Paragraph 26 of Haffermehl's Complaint.

27. Occuhealth denies the allegations contained in Paragraph 27 of Haffermehl's Complaint.

## SECOND DEFENSE

28. This cause of action is barred by operation of the applicable statutes of limitations, 29 U.S.C.A. §255(a), M.G.L., Chapter 149, §150 and M.G.L., Chapter 151, §20A.

## THIRD DEFENSE

29. The Complaint of Haffermehl fails to state a claim on which relief may be granted.

## FOURTH DEFENSE

30. This cause of action is barred by operation of M.G.L., Chapter 149, §150, which requires Haffermehl to file a complaint with or obtain a written assent of the Attorney General of Massachusetts prior to instituting the present cause of action.

## FIFTH DEFENSE

31. Haffermehl is exempt from the provisions of §§6, 7, and 16(b) of the Fair Labor Standards Act of 1938 as amended (29 U.S.C. §§206, 207, and 216(b)), (hereinafter referred to as the "FLSA"), from Sections 1A and 1B of Chapter 151 of the Massachusetts General Laws (M.G.L. Ch. 151, Massachusetts "Minimum Fair Wages Act") and Section 148 of Chapter 149 of the Massachusetts General Laws (M.G.L. Ch. 149, §148) as an administrative, professional, salaried, and qualified trainee employee under the provisions of 29 U.S.C. §213(a) (1), C.F.R. §§541.200-541.315, and M.G.L. Ch. 151, §1A(3).

## SIXTH DEFENSE

32. As a salaried non-exempt employee of Occuhealth, payment for overtime hours worked by Haffermehl is limited to one-half of his regular hourly rate of pay by application of the "fluctuating work week" method of calculating overtime. See 29 C.F.R. §§778.113-778.114.

## SEVENTH DEFENSE

33. Haffermehl is not entitled to maintain this cause of action because of laches, in that he had knowledge of all of the acts of Occuhealth set forth in the Complaint and all of the facts in connection therewith, and nevertheless Haffermehl refrained from commencing this cause of action until February, 2004 and Occuhealth, during the period June, 1998 to and including June, 2003, continued to employ Haffermehl as an administrative, professional and salaried employee.

## EIGHTH DEFENSE

34. Haffermehl is not entitled to the relief requested inasmuch as he has been responsible for inequitable conduct and has failed to come into court with clean hands.

## NINTH DEFENSE

35. Occuhealth gives notice that it intends to rely upon any such other affirmative defenses as may become available or appear during the discovery proceedings in this cause of action and hereby reserves its right to amend its Answer to assert such defenses.

Dated: April /, 2004

Respectfully Submitted,
OCCUHEALTH, INC.
By Its Attorneys,

Charles T. Callahan (BBO # 070220)
CONNARTON, WOOD & CALLAHAN
150 Federal Street
Boston, MA 02110
(617) 443-0303
(617) 443-1696 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _____

6