IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID M. HAFFERMEHL
    Plaintiff

v.

OCCUHEALTH, INC.
    Defendant

C.A. No. 04-10325RCL

## PLAINTIFF'S RULE 26(a) INITIAL DISCLOSURES

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, the plaintiff, David M. Haffermehl ("Haffermehl") hereby makes the following Initial Disclosures.

At the present time, the following are individuals likely to possess discoverable information that Haffermehl may use to support his claims in this matter:

1. David Haffermehl
   156 Park Street
   Wrentham, MA 02093

   Mr. Haffermehl has knowledge concerning the factual bases of his claims, including his job duties, the practices and procedures in place at OccuHealth, Inc., the time and billing records he was directed to maintain and submit, communications with superiors and co-workers, his job assignments, and compensation received. Mr. Haffermehl may be contacted through counsel.

2. Thomas E. Hamilton, President
   OccuHealth, Inc.

   Mr. Hamilton, upon information and belief, has knowledge concerning the practices and procedures in place at OccuHealth, the defendant's policy with regard to overtime and payment of overtime and other compensation, and the bases or reasons for such.

3. Susan M. Hamilton, Clerk
   OccuHealth, Inc.

- 1 -

Ms. Hamilton was the office administrator of defendant during relevant times and, upon information and belief, has knowledge concerning the practices and procedures in place at OccuHealth, the defendant's policy with regard to overtime and payment of overtime and other compensation, and the bases or reasons for such.

3. Ms. Deanna Trudeau
c/o OccuHealth, Inc.

Ms. Trudeau is an employee of the defendant who drafted reports based on Mr. Haffermehl's field work assignments and who, upon information and belief, observed and worked under the practices and procedures in place at OccuHealth, including the defendant's policy with regard to overtime and payment of overtime.

4. Mr. Gregg Lynch
Current address unknown.

Mr. Lynch is a former employee of the defendant who, upon information and belief, observed and worked under the practices and procedures in place at OccuHealth, including the defendant's policy with regard to overtime and payment of overtime.

5. Mr. Keith Veren
111 Walk Up Drive
Sudbury, MA

Mr. Veren is a former employee of the defendant who, upon information and belief, observed and worked under the practices and procedures in place at OccuHealth, including the defendant's policy with regard to overtime and payment of overtime.

6. Scott Herzog
c/o OccuHealth, Inc.

Mr. Herzog is an employee of the defendant who oversaw and assigned work to Mr. Haffermehl and, upon information and belief, observed and worked under the practices and procedures in place at OccuHealth, including the defendant's policy with regard to overtime and payment of overtime.

7. Mr. Michael Burns
c/o OccuHealth, Inc.

Mr. Burns is an employee of the defendant who oversaw and assigned work to Mr. Haffermehl and, upon information and belief, observed and worked

under the practices and procedures in place at OccuHealth, including the defendant's policy with regard to overtime and payment of overtime.

8. Mr. David Scarchilly
c/o OccuHealth, Inc.

Mr. Scarchilly is an employee of the defendant who oversaw and assigned work to Mr. Haffermehl and, upon information and belief, observed and worked under the practices and procedures in place at OccuHealth, including the defendant's policy with regard to overtime and payment of overtime.

Mr. Haffermehl reserves the right to supplement this list and the descriptions contained in it during discovery, upon reasonable notice and subject to the Federal Rules of Civil Procedure.

Plaintiff has in his or his counsel's possession the following documents that may be relevant to the claims in this matter, and which are available for inspection and copying:

1. Authorization Letter for private suit from Massachusetts Attorney General's Office dated February 18, 2004;
2. Copies of certain weekly time sheets from 1999-2003 filled out by the plaintiff during the course of his employment;
3. Copies of certain weekly pay stubs from 1999-2003;
4. Job notes pertaining to some assignments undertaken by Mr. Haffermehl during the course of his employment.

Plaintiff does not have a damage calculation as he does not possess a complete set of weekly time records which, upon information and belief, are in the possession of the defendant. Damages will be calculated based upon lost overtime pay, doubled and trebled under applicable state and federal laws, plus pre-judgment interest, costs, and attorneys' fees. OccuHealth is liable to Mr. Haffermehl for payment of all unpaid overtime -- that is, for the work he performed in excess of forty hours per week -- at a rate of pay not less than one-and-one-half (1½) times the regular rate at which he was employed when the hours were worked, and an *additional equal amount* as liquidated

damages, for the allowable period. Under Massachusetts law, OccuHealth is liable for unpaid overtime plus *twice* that amount as additional liquidated damages, for the allowable period. Depending upon which statute recovery is based and then upon the defendant's degree of culpability or knowledge of its obligations, the applicable limitations period is two or three years. Mr. Haffermehl brought this action on February 17, 2004. Even if a two-year limitations period were to be applied to recovery of unpaid overtime, Mr. Haffermehl would be entitled to reach back into the third year to recover for the overtime hours worked and unpaid, but at his straight hourly rate, which is then tripled under the Massachusetts statute. Both statutory schemes provide for the payment of costs and reasonable attorneys' fees to a successful plaintiff.

No expert witnesses have been retained on Mr. Haffermehl's behalf as of this date.

Mr. Haffermehl reserves the right to supplement the information in this Initial Disclosure during discovery, upon reasonable notice and subject to the Federal Rules of Civil Procedure.

Dated: May 26, 2004

DAVID M. HAFFERMEHL

By His Counsel,

_____
Thomas R. Noel, Esq. (BBO# 556111)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing via First Class Mail on May 26, 2004, to Charles T. Callahan, Esq., Connarton, Wood & Callahan, 150 Federal Street, Twelfth Floor, Boston, MA 02110.

*Emily A Robbins*

TRN/ear



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

THOMAS F. REILLY
ATTORNEY GENERAL

February 18, 2004

(617) 727-2200
www.ago.state.ma.us

David M. Haffermehl
c/o Thomas R. Noel
Noel & Gyorgy
50 South Main Street
Providence, RI  02903

Re:  **Authorization for Immediate Private Suit - OccuHealth, Inc.**

Dear Mr. Haffermehl:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Rosalyn Garbose
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 3294

RG/pk

NewPRA.frm (11/22/02)